# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of September, two thousand ten.

PRESENT:
José A. Cabranes,
Robert D. Sack,
Richard C. Wesley,
            *Circuit Judges.*

---

In re Robert Adinolfi,

                Attorney.

08-90062-am

**ORDER OF
GRIEVANCE PANEL**

---

FOR ROBERT ADINOLFI:          ROBERT ADINOLFI, Esq., New York, New York.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the report of this Court's Committee on Admissions and Grievances ("the Committee") is adopted, and ROBERT ADINOLFI

is PUBLICLY REPRIMANDED for the misconduct described in the Committee's report.

I. **Summary of Proceedings**

By orders filed in June 2008 and February 2009, this Court referred Adinolfi to the Committee for investigation of the matters described in those orders and preparation of a report on whether he should be subject to disciplinary or other corrective measures. Although the Court declined to suspend Adinolfi pending these disciplinary proceedings, the Court ordered, as an interim measure, that he refrain from filing any new cases in the Court until the total number of his cases fell below thirty and, thereafter, that he maintain his caseload at thirty or fewer cases.

During the Committee's proceedings, Adinolfi had the opportunity to address the matters discussed in the Court's referral order and to testify under oath at a hearing held on September 8, 2008. Adinolfi appeared *pro se*. Presiding over the hearing were Committee members Mary Jo White, Esq., Loretta E. Lynch, Esq., and the Honorable Howard A. Levine. In August 2009, the Committee filed with the Court the record of the Committee's proceedings and its report and recommendations. Thereafter, the Court provided Adinolfi with a copy of the Committee's report, and Adinolfi responded.

In its report, the Committee concluded that there was clear

2

and convincing evidence that Adinolfi had engaged in conduct warranting the imposition of discipline. *See* Report at 4-5. Specifically, the Committee found "a pattern of neglect of client matters on Adinolfi's part, or a significant inability to competently handle the volume of his practice, resulting in persistent disregard of [this Court's] scheduling orders." *Id.* at 5. After noting the presence of various aggravating and mitigating factors, *id.* at 4-5, the Committee recommended that Adinolfi be publicly reprimanded, and required to attend continuing legal education ("CLE") classes on law office management, submit periodic reports to the Court, and adhere to various caseload restrictions, *id.* at 5-7. In his response to the Committee's report, Adinolfi consented to the Committee's report and recommendation, requested that the Court adopt it in all respects, and apologized for inaccuracies in prior case status reports submitted to the Court. Response at 1-2.

## II. Additional Relevant Conduct

A review of this Court's records indicates that, since the date of his referral to the Committee, Adinolfi has missed briefing deadlines in four cases which were not discussed in the Court's prior orders or the Committee's report. Three of those defaults clearly occurred after Adinolfi was put on notice of the Court's concerns discussed in the June 2008 order, with two of those three occurring after the Committee's September 2008 hearing. In *Hua Li v. Mukasey*, 08-2545-ag, Adinolfi permitted

3

the December 2008 briefing deadline to pass without filing a brief,[1] causing this Court to order him to show cause why the appeal should not be dismissed based on his default. *See Hua Li*, 08-2545-ag, order filed Jan. 12, 2009. Adinolfi timely responded, *see id.*, response filed Jan. 26, 2009, and the case proceeded to full briefing and decision on the merits. In *Fang Mei Li v. Mukasey*, 08-2930-ag, and *Zhen Shui Weng v. Mukasey*, 08-3145-ag, Adinolfi moved for extensions of time only after the briefing deadlines had passed. *See Fang Mei Li*, 08-2930-ag, scheduling order filed July 22, 2008 (setting briefing deadline of September 8, 2008), letter filed Sept. 15, 2008 (requesting extension and stating that scheduling order had not been received); *Zhen Shui Weng*, 08-3145-ag, scheduling order filed July 24, 2008 (setting briefing deadline of October 1, 2008) letter filed Oct. 7, 2008 (requesting extension). In both cases, this Court granted the requested extensions, and the briefs were filed.

It is not clear if Adinolfi had received the June 2008 order prior to his default in the fourth case, *Qiu Li v. Mukasey*, 08-1481-ag, where he failed to file a brief by the June 20, 2008

---

[1] In September 2008, Adinolfi requested a 30-day extension of time to an unspecified date, *see Hua Li*, 08-2545-ag, letter filed Sept. 26, 2008, but was informed that an extension was unnecessary because the brief was not due until December 10, 2008, *see id.*, scheduling order filed Sept. 10, 2008.

4

deadline set in the scheduling order. *See Qiu Li*, 08-1481-ag, scheduling order filed May 21, 2008, motion for extension filed July 15, 2008. Although the June 2008 order was served on Adinolfi by mail on or about June 3, 2008, Adinolfi informed the Court that he did not receive it until July 9, 2008.

In any event, despite Adinolfi's initial difficulty in correcting the conduct at issue in our prior orders, he has not missed any briefing deadlines since December 2008, and it is our hope that he will make further improvements in his case management.

**III. Conclusions**

Upon due consideration of the Committee's report, the underlying record, and Adinolfi's submissions, it is hereby ORDERED that Adinolfi is PUBLICLY REPRIMANDED for the misconduct described in the Committee's report and DIRECTED to:

> (a) complete, within six months of the filing date of this order, six hours of CLE on law office management, which must be taken in addition to, and not in fulfilment of, his regular CLE requirements. Adinolfi must submit information about proposed CLE courses directly to the Committee's secretary, who will inform him whether the Committee agrees that the proposed courses satisfy his obligation. Adinolfi must certify his completion of the required CLE courses by sworn statement filed with both this panel and the Committee's secretary within seven days after the end of the six-month period. The Committee may modify these deadlines, either on motion or *sua sponte*.
>
> (b) comply with the reporting requirements and all caseload restrictions described on pages 6 and 7 of the Committee's report. However, we modify the reporting requirements as follows: each report submitted to the

Committee by Adinolfi must contain, in addition to all other required information, a brief summary of his caseload in this Court which makes clear that he has complied with caseload restrictions (a) through (c) listed on page 6 of the Committee's report. The Committee may modify the deadlines for Adinolfi's reports, either on motion or *sua sponte*.

As stated in the Committee's report, if a report required by this order "is not timely filed or reveals deficiencies not justified by exigent circumstances, the Committee may recommend the imposition of additional discipline, including but not limited to ... suspension from the Second Circuit, without hearing further testimony." Report at 6.

The text of this panel's June 2008 and February 2009 orders and the Committee's report are appended to, and deemed part of, the present order for the following disclosure purposes. Adinolfi must disclose this order to all courts and bars of which he is currently a member, and as required by any bar or court rule or order. Adinolfi also must, within fourteen days of the filing of this order, file an affidavit with this Court confirming that he has complied with the preceding disclosure requirement. Furthermore, the Clerk of Court is directed to release this order to the public by posting it on this Court's web site and providing copies to members of the public in the same manner as all other unpublished decisions of this Court, and to serve a copy on Adinolfi, this Court's Committee on Admissions and Grievances, the attorney disciplinary committee for the New

6

York State Appellate Division, First Department, and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



By:  Michael Zachary
     Counsel to the Grievance Panel

## **APPENDIX 1**

### **Text of June 2008 order**

For the reasons that follow, Robert Adinolfi is referred to this Court's Committee on Admissions and Grievances for investigation of the matters described below and preparation of a report on whether he should be subject to disciplinary or other corrective measures.  *See* Second Circuit Local Rule 46(h).  We express no opinion here as to an appropriate disposition.  The Committee may, of course, in the first instance, determine the appropriate scope of its investigation.

A review of the 103 cases in this Court's docketing system that list Adinolfi as counsel of record suggests that Adinolfi has had serious difficulty complying with orders and rules of the Court.  At least twenty-six of his cases have been dismissed based on his failure to file a brief by the deadline specified in an order of the Court.  *See* Second Circuit cases docketed under 03-40068; 04-1813; 04-4289; 04-6285; 05-6714; 05-6717; 06-1544; 06-4620; 06-4942; 06-5185; 06-5282; 07-1369; 07-1959; 07-3322; 07-3896 (reinstatement motion pending); 07-3975; 07-4147 (reinstatement motion pending); 07-4526; 07-4946; 07-4947; 07-4949; 07-5374; 07-5445; 07-5571; 08-0200; 08-0220.  Prior to the dismissals, Adinolfi did not request extensions of time to file his briefs, leave to withdraw as counsel, or leave to voluntarily dismiss the cases.  While some of the defaulted appeals have been reinstated upon motion, Adinolfi has not moved for the

reinstatement of others.

Adinolfi also frequently requests extensions of time to file his briefs only after the filing deadlines for those briefs and/or the deadlines for responding to the Court's orders to show cause why the appeals should not be dismissed based on his filing defaults. *See* cases docketed under 07-3896 (dismissed following failure to respond to order to show cause; motion to reinstate pending); 07-4947 (same); 07-3977 (extension motion filed after deadline for brief and deadline in order to show cause; motion granted); 07-4146 (same); 07-4336 (same); 07-4948 (same); 07-4336 (same); 07-4707 (extension motion filed after deadline for brief); 08-0822 (same); *see also* 07-3975 (dismissed; no request for reinstatement although defective brief and appendix filed after dismissal); 07-4147 (dismissed following failure to respond to order to show cause); 07-4526 (same); 07-4946 (same); 07-5374 (same); 07-5445 (same); 07-5571 (same); 08-0200 (same); 08-0220 (same); 07-3974 (defaulted on briefing schedule, but filed brief by deadline in order to show cause).

In two cases that were withdrawn without prejudice to refiling by a specified deadline, Adinolfi filed late reinstatement motions. *See* cases docketed under 04-5742; 05-5926. Additionally, there are at least two pending cases where Adinolfi has not responded to this Court's order to show cause why the cases should not be dismissed based on the failure to file a brief, *see* cases docketed under 07-5150 (response, due by 5/19/08, not received); 08-0225 (response, due by 4/10/08, not received), and at least two other pending cases where he has not yet filed a brief although the deadline has passed, *see* cases docketed under 08-0741; 08-1002.

We also are informed that, on at least three recent occasions, Adinolfi did not appear for pre-argument conferences with this Court's Staff Counsel or, prior to the dates of those conferences, request rescheduling or notify the Court of a scheduling conflict or other reason he could not attend. He also did not return Staff Counsel's telephone calls regarding rescheduling. *See* cases docketed under 07-3733; 07-3973; 07-3976. In a number of other cases, Adinolfi's failure to comply with this Court's rules has required Court personnel to contact him to obtain required documents or the correction of defective filings. *See, e.g.,* cases docketed under 03-40529 (two requests for T-1080 form); 03-4944 (requested appearance form and PDF version of brief); 04-6285 (brief submitted six months after dismissal; informed of need for reinstatement motion); 06-1907 (three requests for corrected certificate of service; one request for PDF version of brief); 06-2799 (contacted regarding multiple defects); 06-4619 (certificate of service); 07-0637 (informed of need for motion to file late brief and anti-virus certificate);

8

07-1718 (requests for PDF version of brief); 07-3974 (same); 07-4613 (same). Even after persistent follow-up, including telephone calls made by the Chief Deputy Clerk on April 29, 2008, and the Clerk of the Court on May 2, 2008, Adinolfi has failed to contact the Court as requested and remedy the defects brought to his attention.

Following his failure to comply with a briefing schedule in *Yi Mei Ni v. Mukasey*, No. 07-4336-ag, this Court warned Adinolfi that his "dilatory behavior in [that] matter must cease." *Id.*, order filed Apr. 4, 2008. Despite that warning, Adinolfi's brief in that case was received one day after it was due, *id.*, brief received May 1, 2008, and Adinolfi subsequently has failed to comply with briefing schedules in other cases, *see, e.g.*, cases docketed under 08-0200; 08-0225; 08-0741.

Upon due consideration of the matters described above, it is hereby ORDERED that Robert Adinolfi is referred to this Court's Committee on Admissions and Grievances for investigation and preparation of a report, pursuant to Federal Rule of Appellate Procedure 46, this Court's Local Rule 46(h), and the Rules of the Committee on Admissions and Grievances.

It is further ORDERED that Robert Adinolfi (a) show cause within 14 days of the filing of this order, why he should not be suspended from the bar of this Court, or otherwise sanctioned, pending the proceedings of the Committee on Admissions and Grievances, based on the above-described conduct; (b) submit to this panel, within 14 days of the filing of this order, a complete list of all pending cases in this Court in which he is either counsel of record or performing legal services for any litigant; (c) notify this panel, in writing, of any other cases in this Court, whether newly filed or reinstated, in which he is performing any legal services for any litigant, within 14 days of either the pleading initiating the new case or the motion seeking reinstatement of a case; and (d) with each submission required by clauses (b) and (c), attach an affidavit of the litigant for whom he is performing legal services, attesting to the fact that the litigant has read a copy of this order and wishes to proceed with Adinolfi providing legal services.

[paragraph regarding service of order omitted]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____/s/_____
Michael Zachary
Supervisory Staff Attorney
Counsel to the Grievance Panel

9

## APPENDIX 2

## Text of February 2009 order

In June 2008, this panel referred Robert Adinolfi to the Committee on Admissions and Grievances, primarily based on his history of briefing defaults which caused the dismissal of a number of appeals. In the same order, Adinolfi was instructed to:

(a) show cause within 14 days of the filing of th[e] order, why he should not be suspended from the bar of this Court, or otherwise sanctioned, pending the proceedings of the Committee on Admissions and Grievances, based on the [conduct described in the order]; (b) submit to this panel, within 14 days of the filing of th[e] order, a complete list of all pending cases in this Court in which he is either counsel of record or performing legal services for any litigant; (c) notify this panel, in writing, of any other cases in this Court, whether newly filed or reinstated, in which he is performing any legal services for any litigant, within 14 days of either the pleading initiating the new case or the motion seeking reinstatement of a case; and (d) with each submission required by clauses (b) and (c), attach an affidavit of the litigant for whom he is performing legal services, attesting to the fact that the litigant has read a copy of this order and wishes to proceed with Adinolfi providing legal services.

In response to the June 2008 order, Adinolfi submitted a list of 34 cases that he asserted were then pending before this Court, *see* letter and list dated July 17, 2008 (attached), and a pleading in which he, *inter alia*, conceded that "corrective measures might be appropriate," but requested that those corrective measures not include the suspension of his practice before this Court, see response dated Aug. 11, 2008 (attached).[1]

A review of the list of 34 cases reveals a number of duplicate entries. *Compare* entries 13 and 28, 23 and 26, 24 and 33, and 25 and 29. The list actually only contains 30 separate cases. There also are several errors in the listed case names and docket numbers. *See* entries 6, 10-12, 29-30 (petitioners'

---

[1] Although the cover letter for the August 2008 response states that a supplemental declaration would be filed, no such document has been received.

10

names incorrect), entries 17, 30 (wrong case numbers; correct numbers are 07-3322-ag and 03-40529-ag). Moreover, one of the listed cases, entry 12, was not pending as of July 17 -- that case had been dismissed in March 2008 for failure to comply with the scheduling order; Adinolfi filed a motion to reinstate on July 22, 2008; and the case was reinstated by order filed September 9, 2008. *See Xing Yong Dong v. Keisler*, 07-4946-ag.

The list also appears to have been incomplete. A review of this Court's docketing system reveals an additional seven cases that were pending as of July 17, 2008 in which Adinolfi was listed as an attorney of record. *See Li Ying Chen*, 08-0741-ag; *Jin Shen Ni*, 07-5016-ag (motions to reinstate appeal, filed 5/13/08 and 7/22/08, denied since appeal had not been dismissed); *Jian Wen Li*, 07-4613-ag (held in abeyance pending BIA decision, by order filed 6/18/08); *Xin Li*, 07-4146-ag; *Chang Yu*, 07-3896-ag (reinstatement granted by order filed 7/2/08); *Xi Feng Tung*, 04-5742-ag (reinstatement granted by order filed 6/13/08); *Meng Mei Lin*, 05-6714-ag (reinstatement granted by order filed 4/8/08; order denying petition filed 9/10/08).

Additionally, it does not appear that Adinolfi has fully complied with clauses (c) and (d) of the June 2008 order, quoted above. For example, although Adinolfi filed four new cases in August 2008, *see* cases docketed under 08-3901-ag, 08-3902-ag, 08-4148-ag, 08-4272-ag, and successfully obtained reinstatement of five others in October 2008, *see* cases docketed under 05-5926-ag, 06-1544-ag, 07-3975-ag, 07-5150, 07-5571-ag, the notices and affidavits required by clauses (c) and (d) were not submitted to this panel until December 2008. *See* Adinolfi Letter dated Dec. 2, 2008 (attached). The affidavits for the four new cases are dated at or about the time the cases were filed, suggesting that Adinolfi intended to comply. Regarding the reinstated cases, although he stated that he had difficulty locating one client, thus explaining his delay providing that client's affidavit (which was submitted shortly after the date on the affidavit), he does not explain why three other affidavits are dated several weeks after the dates those appeals were reinstated.[2] *See* Affidavits for 07-5571-ag, 07-5150-ag, 05-5926-ag. Only one affidavit was submitted prior to December 2008. *See* Adinolfi

---

[2] Additionally, Adinolfi's December 2008 letter erroneously identifies some of his cases: the docket number for *Chen Shou Lin*, 08-4272-ag, is incorrectly given as "08-4257," the petitioner in *Mei Hui Zhu*, 05-5926-ag, is incorrectly identified with the surname "Zhi" instead of "Zhu," and he has apparently merged the case names and numbers for *Wan Qin Lin*, 07-5150-ag, and *Qing Long Lin*, 07-3975-ag, resulting in a case identified as "*Wan Qin Lin v. Mukasey*, 07-3975."

Letter dated Aug. 1, 2008, with attached affidavit (attached).

On the other hand, we also note that Adinolfi has not defaulted in any case in this Court since the submission of his July 2008 response to our June 2008 order and has obtained reinstatement of a number of defaulted cases.[3]

In light of Adinolfi's concession concerning his inadequate performance in this Court, his efforts to obtain reinstatement of the cases dismissed as a result of his briefing defaults, the lack of new defaults, his representation of petitioners on a pro bono basis, and the disruption his suspension would likely cause to his client's legal interests, we decline to suspend him from practicing in this Court pending the termination of the proceedings before the Court's Committee on Admissions and Grievances. However, in light of his failure to provide this Court with an accurate list of his pending cases, and to fully comply with clauses (c) and (d) of our June 2008 order, which calls into question his ability to comply with all rules and orders applicable to his cases, we direct Adinolfi to refrain from filing any new cases in this Court until the total number of his cases in this Court drops below 30, at which point he may file new cases as long as the total number of pending cases does not exceed 30. Although Adinolfi may seek reinstatement of defaulted cases even if his total number of pending cases exceeds 30, once a case is reinstated it will count as a pending case for the purposes of the limit on filing new cases described in the preceding sentence.

[paragraph regarding service of order omitted]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____/s/_____
            Michael Zachary
            Supervisory Staff Attorney
            Counsel to the Grievance Panel

---

[3] After the issuance of the June 2008 order, but before the submission of the July 2008 response, default dismissal orders were filed in three more cases. *See Li Xin Lin*, 08-0225-ag (dismissed 6/23/08; motion to reinstate 9/6/08; motion denied 10/1/08); *Zhu Jian Chang*, 07-5444-ag (dismissed 7/15/08); *Wan Qin Lin*, 07-5150-ag (dismissed 6/23/08; motion to reinstate 9/8/08; motion granted 10/10/08). Adinolfi's intentions regarding *Zhu Jian Chang* are unknown.

**August 2009 Report of the Committee
on Admissions and Grievances**

**REPORT & RECOMMENDATION**
**Re: In re Robert Adinolfi, # 08-90062-am**

## I.      Introduction

By Order dated June 3, 2008, the United States Court of Appeals for the Second Circuit referred Robert Adinolfi to this Committee, for investigation of his conduct before the Court and preparation of a report on whether he should be subject to disciplinary or other corrective measures.   The Court's June 2008 Order raises concerns regarding Adinolfi's potential neglect of client matters, in particular regarding his numerous defaults on scheduling orders.

The Committee recommends that Adinolfi be publicly reprimanded for his conduct, that he be required to complete six hours of CLE in law office management, that he be required to submit biannual status reports on the functioning of his practice for the next two years, and that the conditions of the Court's June 2008 Order and the Court's subsequent Order, dated February 24, 2009, be extended for an additional period of at least two years, as set out in detail below.

The following constitutes the Committee's report and recommendation to impose discipline on Adinolfi.

## II.      The Court's Orders And This Disciplinary Proceeding

On July 11, 2008, the Committee issued an order to show cause regarding Adinolfi's conduct, and giving him notice of a hearing.  Adinolfi submitted a written response on August 19, 2008.  The hearing was held on September 8, 2008, conducted by a sub-committee consisting of Mary Jo White, Loretta E. Lynch, and the Hon. Howard A. Levine.  Adinolfi appeared *pro se.* By emails dated October 10, 2008 and October 21, 2008, Adinolfi submitted additional information to the Committee, regarding his caseload and his remedial efforts with respect to cases dismissed for default.

The Court's June 2008 order, in addition to referring Adinolfi to the Committee, also ordered Adinolfi to show cause why he should not be immediately suspended pending the Committee's proceedings. The Court's order further required Adinolfi to submit information to the Court's Grievance Panel on his pending caseload before the Circuit, within 14 days of the June 2008 Order, and to notify the Panel in writing of any newly-filed cases within 14 days of their filing. Finally, the Court's June 2008 Order required Adinolfi to attach, with each of the above submissions, an affidavit from his client attesting that the client had read a copy of the June 2008 Order and nevertheless wished to proceed with Adinolfi providing legal services.

A subsequent Order of the Court, issued February 24, 2009, recited further facts regarding Adinolfi's conduct, based on the Court's own review of its dockets, and on Adinolfi's representations to the Court in response to the June 2008 Order, *see* letters dated July 17, 2008 and August 11, 2008, attached to the Court's February 2009 Order. The Court determined that suspension would be inappropriate in light of Adinolfi's concession that his performance before the Court had been inadequate, his efforts to obtain reinstatement of cases dismissed for default, the lack of any new defaults, his *pro bono* representation of petitioners, and the disruption his suspension would cause to his clients' interests. However, in light of Adinolfi's past performance and his failures to comply in a timely and thorough manner with the requirements of the Court's June 2008 Order, the Court imposed an additional condition on Adinolfi's practice, directing Adinolfi to refrain from filing any new cases in the Second Circuit until the total number of his cases dropped below 30, and after that point to maintain his caseload at 30 or fewer cases.

## III.   Legal Standard

Under the Rules of this Committee,

> An attorney may be subject to discipline or other corrective measures for any act or omission that violates the rules of professional conduct or responsibility of the state or other jurisdiction where the attorney maintains his or her principal office, or the rules of professional conduct of any other state or jurisdiction governing the attorney's conduct. An attorney may also be subject to discipline or other corrective measures for any failure to comply with a Federal Rule of Appellate Procedure, a Local Rule of the Court, an order or other instruction of the Court, or a rule of professional conduct or responsibility of the Court, or any other conduct unbecoming a member of the bar.

Rules of the Committee on Admissions and Grievances, Rule 4.

"A court of appeals may discipline an attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with any court rule." Fed. R. App. P. 46(c). "Conduct unbecoming a member of the bar" may include any conduct "contrary to professional standards that show[s] an unfitness to discharge continuing obligations to clients or

2

courts, or conduct inimical to the administration of justice." *In re Snyder*, 472 U.S. 634, 645 (1985). For "[m]ore specific guidance," we may look to "case law, applicable court rules, and 'the lore of the profession,' as embodied in codes of professional conduct." *Id.* at 646 n.7.

Courts have consistently treated neglect of client matters and ineffective or incompetent representation as sanctionable conduct. *See, e.g., Gadda v. Ashcroft*, 377 F.3d 934, 940 (9th Cir. 2004), *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 133 (2d Cir. 2004), *Matter of Rabinowitz*, 596 N.Y.S.2d 398, 402 (N.Y. App. Div. 1993), *United States v. Song*, 902 F.2d 609 (7th Cir. 1990), *Matter of Kraft*, 543 N.Y.S.2d 449 (N.Y. App. Div. 1989), *In re Bithoney*, 486 F.2d 319 (1st Cir. 1973). Such conduct is also sanctionable under the applicable professional rules and standards. The American Bar Association's Standards for Imposing Lawyer Sanctions call for a range of sanctions from reprimand to disbarment for various forms of "lack of diligence" and "lack of competence." ABA Standards §§ 4.4, 4.5. New York's Code of Professional Responsibility requires that a lawyer "act with reasonable diligence and promptness in representing a client," and that he or she "not neglect a legal matter entrusted to the lawyer." New York's Lawyer's Code of Professional Responsibility D.R. 6-101(A)(3); 22 N.Y.C.R.R. § 1200.30(A)(3) (2008); *see also* N.Y. Rules of Prof'l Conduct R. 1.3(b) (effective Apr. 1, 2009).

"Any finding that an attorney has engaged in misconduct or is otherwise subject to corrective measures must be supported by clear and convincing evidence." Rules of the Committee on Admissions and Grievances, Rule 7(h). Once misconduct has been established, in determining the sanction to be imposed, we should generally consider: (a) the duty violated; (b) the lawyer's mental state; (c) the actual or potential injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors. *See* ABA Standards § 3.0. This Committee may recommend to the Court's Grievance Panel a range of sanctions, including disbarment, suspension, public or private reprimand, monetary sanction, removal from *pro bono* or Criminal Justice Act panels, referral to other disciplinary bodies, supervision by a special master, counseling or treatment, or "such other disciplinary or corrective measures as the circumstances may warrant." Rules of the Committee on Admissions and Grievances, Rule 6.

## IV. The Alleged Misconduct

Adinolfi was admitted to the bar of the State of New York in 2002. He is also a member of the bars of the First, Second, Third, Fourth, Sixth, Seventh and Eleventh Circuits. He has never been previously disciplined. Adinolfi's practice, which he shares with his wife, consists primarily of immigration matters, and in recent years has involved a large number of petitions for review in the Second Circuit.

The Court's June 2008 Order raised serious concerns about the functioning of Adinolfi's appellate practice, and his potential neglect of many of his clients' cases. The Order recited that at least 26 of Adinolfi's 103 cases before the Court had been dismissed as a result of his failure to timely file a brief. These defaults appear to have taken place between the end of 2006 and early 2008. Additionally, the Court's order stated that Adinolfi frequently requested extensions of time to file his briefs only after the filing deadlines for those briefs had passed; that on at least two occasions, he failed to timely file for reinstatement of cases that had been withdrawn without

3

prejudice to refiling by a specified deadline; and that he had frequently failed to respond to the Court's orders to show cause why cases should not be dismissed for failure to file briefs, to appear for pre-argument conferences, and to respond to telephone calls regarding scheduling from the Court's personnel.

Adinolfi does not contest the facts set out in the Court's referral order, and they are consistent with the Committee's independent review of the dockets. Adinolfi concedes that his conduct was wrong, and failed to meet professional standards. The Committee independently finds that there is clear and convincing evidence that his conduct violated disciplinary rules, court orders and professional standards, including his duties of diligence and competence, *see* ABA Standards for Imposing Lawyer Sanctions §§ 4.4, 4.5, and his duty to act diligently and not to neglect legal matters entrusted to him, *see* New York's Lawyer's Code of Professional Responsibility D.R. 6-101(A)(3); 22 N.Y.C.R.R. § 1200.30(A)(3) (2008); *see also* N.Y. Rules of Prof'l Conduct R. 1.3(b) (effective Apr. 1, 2009), and that his conduct was "unbecoming a member of the bar," Fed. R. App. P. 46(c), and "inimical to the administration of justice," *In re Snyder*, 472 U.S. at 645.

Adinolfi concedes also that his conduct warrants some form of sanction. At his hearing he testified that "I don't think I should walk away clean here. . . I do feel terrible," and suggested that the Committee might recommend "[p]ublic censure, restriction of my ability to practice, strict requirements as to time limitations, alternative a short suspension." Hearing Transcript at 50. However, Adinolfi asked that the interests of his current clients be taken into account in deciding whether he should be suspended.

There are both mitigating and aggravating factors here. Adinolfi's conduct is aggravated by the vulnerability of his immigrant clients, and by the fact that his conduct constituted a pattern of neglect, involving multiple instances of misconduct, over a period of more than a year. ABA Standards § 9.22 (c), (d), (h).

Adinolfi's conduct is significantly mitigated by his evident remorse, and by his apparent lack of a selfish motive. ABA Standards § 9.32 (b), (l). His conduct is also mitigated by his apparent good-faith willingness to cooperate with the Committee and with the Court, although the information provided has sometimes been disorganized, incomplete, and untimely. ABA Standards § 9.32 (e).

His conduct is also mitigated to a substantial degree by the efforts he has made to improve his practice. Adinolfi has not defaulted in any case since his July 2008 response to the Court's June 2008 Order.[1] Moreover, the record, and the Court's findings in its February 2009 Order, show that Adinolfi has made genuine efforts to correct the consequences of his past conduct, and has successfully obtained reinstatement of a number of defaulted cases.

---

[1] Three cases were dismissed for default between the June Order and Adinolfi's July response; however, in each case the dismissal related to a missed briefing date prior to the date of the June Order. *See Li Xin Lin*, 08-0225-ag, *Zhu Jian Chang*, 07-5444-ag, and *Wan Qin Lin*, 07-5150-ag.

4

There remain, however, some indications of ongoing problems with Adinolfi's practice. It appears that Adinolfi has made efforts to comply with the requirements of the June 2008 Order, and it is the Committee's understanding that there is no evidence that Adinolfi has failed ultimately to provide any client with the required notice of the proceedings against him. However, he has repeatedly failed to file his clients' affidavits with the Court in a timely manner. On at least three occasions, involving reinstated appeals, it appears that Adinolfi did not obtain the client's affidavit until several weeks after the appeals were reinstated. Finally, Adinolfi has repeatedly failed to notify the Court's Grievance Panel of the filing of new cases in a timely manner. The Court found that this behavior, coupled with Adinolfi's "failure to provide this Court with an accurate list of his pending cases," raised concerns regarding Adinolfi's "ability to comply with all rules and orders applicable to his cases." February 2009 Order at 3. Based on its own record and proceedings, while the Committee does not doubt that Adinolfi's efforts to comply with the Court's orders and to improve his practice are in good faith, the Committee shares the Court's concerns.

## V.    Appropriate Sanctions

Adinolfi's conduct clearly warrants discipline. The evidence shows a pattern of neglect of client matters on Adinolfi's part, or a significant inability to competently handle the volume of his practice, resulting in persistent disregard of scheduling orders.

Under the circumstances, the Committee does not believe that suspension would serve the interests of justice or of Adinolfi's clients. Instead, the Committee believes that a public reprimand would be appropriate, to recognize the significance of Adinolfi's past conduct and to protect potential future clients.

As discussed above, there are clear signs of significant improvement in Adinolfi's practice in the year following the Court's referral order; there are also reasons to be concerned that Adinolfi may still have trouble managing his practice. The Committee believes that the conditions of the Court's June 2008 and February 2009 Orders should be extended for a further period of at least two years. In addition to the reporting requirements of the June 2008 and February 2009 Orders, the Committee believes that Adinolfi should be required to provide the Committee with regular status reports for a period of two years. Finally, to assist in his ongoing efforts to improve the functioning of his practice, the Committee believes that Adinolfi should be required to attend a suitable CLE program on law office management.

## VI.    Recommendation

Adinolfi should be publicly reprimanded for his pattern of failures to comply with scheduling orders, and his neglect, inadvertent or otherwise, of client matters. A draft form of reprimand is attached.

The conditions of the June 2008 and February 2009 Orders should be extended (as modified below) for a further period of two years from the date of any Order of the Court or letter

5

of reprimand adopting the Committee's recommendation. These conditions may be extended for any additional period that the Court believes appropriate, without a further hearing or other proceedings.

Specifically, the conditions to be extended are:

a) Adinolfi must notify the Court's Grievance Panel in writing of any case newly filed or reinstated in the Second Circuit, in which he is performing any legal services for any litigant, within 14 days of the pleading initiating a new case or the motion seeking reinstatement of a case; and

b) With each such submission, Adinolfi must attach an affidavit of the litigant for whom he is performing legal services, attesting to the fact that the litigant has read a copy of the Court's June 2008 Order (or, if the Court issues a letter of public reprimand, a copy of that letter), and that the litigant wishes to proceed with Adinolfi providing legal services; and

c) Adinolfi must refrain from filing new cases in the Second Circuit until the total number of his cases drops below 30, at which point he may file new cases only so long as the total number of pending cases does not exceed 30. Adinolfi may seek reinstatement of defaulted cases even if his total number of pending cases exceeds 30, but once a case is reinstated it will count as a pending case for the purposes of the limit on filing new cases.

In addition, Adinolfi should be required to complete no fewer than six hours of CLE in law office management, from a CLE provider accredited by the bar of New York, in addition to the required hours of CLE.

Finally, Adinolfi should be required, in connection with his practice in any federal court in the Second Circuit or in any federal administrative agency whose action is subject to the Second Circuit's review, to submit to the Committee sworn statements identifying under oath each and every instance during each of the four reporting periods described below in which (1) a submission is not filed or is filed out of time; or (2) an application is made for permission to make a late filing only after the due date has passed. It is expected that these reports will show no such instances absent exigent circumstances, which circumstances should be attested to under oath in the respective report.

In the event that a report is not timely filed or reveals deficiencies not justified by exigent circumstances, the Committee may recommend the imposition of additional discipline, including but not limited to further suspension from the Second Circuit, without hearing further testimony.

With respect to Adinolfi's reporting obligations to the Committee, the following reporting periods and deadlines shall be observed. The report for each reporting period shall be mailed to the Committee Secretary within ten (10) days of the end of that reporting period. The first reporting period shall commence 10 days after the Committee's recommendation is mailed to Adinolfi and shall end six months after the Second Circuit issues its order of disposition in this matter. Each of the three subsequent reporting periods shall be for a reporting period

6

commencing at the end of the prior reporting and ending six months later. A total of four reports shall be prepared and mailed to the Committee Secretary.

Respectfully Submitted,

Mary Jo White /FDC.

Member of the Committee
August 5, 2009

7