19-90078-am
In re Stafford

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand nineteen.

PRESENT:
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

| | |
|---|---|
| **In re YING STAFFORD,** | **19-90078-am** |
| *Attorney.* | **ORDER OF GRIEVANCE PANEL** |

_____

For the following reasons, Ying Stafford is referred to this Court's Committee on Admissions and Grievances for investigation of the matters described below and preparation of a report on whether she should be subject to disciplinary or other corrective measures.  *See* Second Circuit Local Rule 46.2. We express no opinion here as to an appropriate disposition.  The Committee may, of course, in the first instance, determine the appropriate scope of its investigation.

## I. Order to Show Cause and Response

In July 2019, this panel ordered Stafford to show cause why disciplinary or other corrective measures should not be imposed on her, based on certain alleged conduct relating to a direct criminal appeal in this Court. The July 2019 order focused on allegations that Stafford had, inter alia, (a) failed to file with the Supreme Court a petition for a writ of certiorari with regard to this Court's affirmance of her client's judgment of conviction; (b) created, and provided to the client, a forged letter purportedly from the Supreme Court stating that certiorari had been denied in his case; and (c) created, and provided to the client, a forged "docket entry notice" purportedly from this Court in support of her assertion that the Supreme Court had denied the certiorari petition. However, the forged letter was not filed in the client's appeal in this Court, nor is there any assertion or indication that Stafford caused any inaccurate entry to be made in the docket for that appeal. A "docket entry notice" is an emailed notification that is automatically generated by the Court's electronic case filing system, alerting all persons entitled to receive such notices that an entry has been made on the docket; while a valid docket entry notice can be found on the docket, the docket entry notice now at issue cannot be found on the docket.

The July 2019 order also barred Stafford from appearing or otherwise representing any party in this Court until further order of this panel.

In her response to the July 2019 order, Stafford conceded that she had failed to timely file a certiorari petition and had created, and provided to her client, the forged letter purportedly from the Supreme Court. *See* Response at ¶¶ 2, 10. Stafford also explained the circumstances surrounding the misconduct and presented mitigating information. However, Stafford did not address the allegation that she had created, and provided to her client, a forged docket entry notice from this Court.[1]

---

[1] Stafford did not provide any details or proof of her attempt to file the certiorari petition. By stating that "it was not timely filed," Response at ¶ 7, Stafford appears to suggest that an attempt had been

Finally, Stafford stated that the grievance committee for the New York State Appellate Division, First Department, also is investigating the matters described in our July 2019 order. *See* Response at ¶ 24. However, we note that the New York State attorney registration website states that Stafford is "[c]urrently registered" and that there is "[n]o record of public discipline," reflecting that she has not been suspended or disbarred by the First Department.

**II. Venue**

As an initial matter, we hold that this Court is an appropriate venue for this disciplinary matter. Although Stafford's admission to this Court's bar expired in February 2018, the conduct at issue occurred in 2014 or 2015 while she was still a member and, in any event, the fact that an attorney is not a member of this Court's bar does not shield her from its disciplinary authority. *In re Koenig*, 592 F.3d 376, 378 (2d Cir. 2010).

Our conclusion that this Court is an appropriate venue takes into account the fact that other disciplinary authorities also have an interest in this matter. When multiple disciplinary authorities have an interest in the issues presented by an attorney disciplinary proceeding in this Court, this Court has weighed the various authorities' interests to determine whether this Court or another disciplinary authority is the most appropriate venue. *See, e.g.*, *In re D'Amico*, 729 F. App'x 62, 67 (2d Cir. 2018) (imposing public reprimand, but referring certain issues to state grievance committee based on, inter alia, previous disciplinary proceedings before that committee and likelihood that conduct in state court would be relevant to the disciplinary proceeding); *In re Schatkin*, 11-90056-am (2d Cir.) (case referred to state grievance committee where that committee had already held proceedings concerning the attorney

---

made to file the petition. An employee of the Supreme Court's Clerk's Office has informed this Court, by telephone, that a late certiorari petition would be returned to the sender rather than docketed, which is consistent with Supreme Court Rule 13(2) ("The Clerk will not file any petition for a writ of certiorari that is jurisdictionally out of time."). That practice would explain why, assuming Stafford did attempt to file a late petition, the Supreme Court's docket does not reflect the attempt.

and conduct in multiple courts was at issue); *In re Zweig*, 09-90139-am (2d Cir.) (Court declined to proceed with disciplinary proceeding in light of proceeding pending before state grievance committee and "because this Court may lack authority to examine all of the relevant conduct"); *see also* Second Circuit Local Rules 46.2(b)(2)(B) and (4)(B)(vii) (providing that this Court's Committee on Admissions and Grievances "may refer a matter to an appropriate attorney disciplinary authority for preliminary investigation" and/or "recommend to the Grievance Panel that the attorney be: . . . referred to another attorney disciplinary authority, law enforcement agency, or other agency or organization").

In determining which disciplinary authority is the most appropriate venue for a particular attorney disciplinary matter, this Court will consider such factors as: (a) whether the questionable conduct occurred in a particular court or in a particular court's proceedings; (b) if the questionable conduct did not occur in a court or court proceeding, whether a particular court or disciplinary authority has the closest connection to, or greatest interest in, the conduct or the attorney; (c) whether a disciplinary authority already has held disciplinary proceedings regarding the attorney, even if not with regard to the new conduct; (d) whether a particular disciplinary authority is best able to address all of the relevant conduct, because of the breadth of its authority or its ability to compel witnesses and discovery; (e) whether a particular disciplinary forum is most convenient to the subject attorney, witnesses, investigators, and other relevant persons; (f) whether a disciplinary authority with an interest in the conduct has the necessary personnel and other resources to handle the matter; and (g) whether a particular disciplinary authority will be considered the central repository of relevant disciplinary information by persons later investigating an attorney's disciplinary history.

In the present case, the alleged conduct did not occur in a court or in court proceedings, but does relate to proceedings in both this Court (the forged Second Circuit docket notice) and the Supreme Court (the forged Supreme Court letter). However, the Supreme Court's disciplinary rules do not

4

explicitly cover attorneys, like Stafford, who have not been admitted to that Court's bar. *See* Supreme Court Rule 8(1) (addressing misconduct of a "member of the Bar of [the Supreme] Court") and Rule 8(2) (addressing misconduct of "any attorney who is admitted to practice before" that Court). In any event, as a practical matter, the Supreme Court likely would not be the most convenient venue for the various people involved in the disciplinary proceeding, and that Court can be invited to participate in this Court's proceedings or can take separate action. *See* Second Circuit Local Rule 46.2(b)(2)(B) (providing that this Court's Committee on Admissions and Grievances may conduct a joint investigation with another attorney disciplinary authority).

The First Department's grievance committee also has an interest in this matter since Stafford is admitted to the New York bar and has her office in New York City. Additionally, that committee has broader disciplinary authority than this Court, including authority to discipline attorneys for misconduct in proceedings before this Court and the Supreme Court. *See* N.Y.S. Rule of Professional Conduct 8.5(a) ("A lawyer admitted to practice in this state is subject to the disciplinary authority of this state, regardless of where the lawyer's conduct occurs."). However, none of Stafford's alleged conduct is beyond this Court's disciplinary reach. *See In re Aranda*, 789 F.3d 48, 52–53 (2d Cir. 2015) (stating that conduct relating to a district court can be considered in a disciplinary proceeding in this Court when it "is relevant to whether there is a pattern of misconduct or, more generally, to whether the attorney will be unable to conform his future conduct in this Court to expected professional norms" (internal quotation marks and brackets omitted)).

More importantly, the First Department's grievance committee may have misgivings devoting resources to a disciplinary matter relating exclusively to conduct in a single federal criminal appeal, particularly where this Court's own analysis of the relevant issues would not be constrained by state law. *See Grievance Comm. for S. Dist. of New York v. Simels*, 48 F.3d 640, 645-46 (2d Cir. 1995) ("If a particular

interpretation of a state ethics rule is inconsistent with or antithetical to federal interests, a federal court interpreting that rule must do so in a way that balances the varying federal interests at stake. . . . It follows, therefore, that a federal court is not bound by New York's view of what constitutes ethical professional conduct." (internal quotation marks and brackets omitted)).

Additionally, the First Department's investigation of Stafford has just begun, that court has not signaled any interest in leading the disciplinary inquiry, and it does not appear that the First Department, or any other disciplinary authority, has previously investigated Stafford. Finally, while this Court often has treated the state bar disciplinary authorities as the central repositories of disciplinary information, that function can be served in this matter by this Court sharing its disciplinary decision with the First Department.

**III.  Disposition**

Upon due consideration of the matters described above, it is hereby **ORDERED** that Ying Stafford is referred to this Court's Committee on Admissions and Grievances (the Committee") for investigation and preparation of a report, pursuant to Federal Rule of Appellate Procedure 46, this Court's Local Rule 46.2, and the Rules of the Committee on Admissions and Grievances. Because substantial disciplinary measures may be warranted, and because additional evidence bearing on the issues of misconduct, aggravation, and mitigation should be obtained and subject to scrutiny, we conclude that further proceedings before the Committee are warranted.

The Committee is authorized to share information, and/or hold joint proceedings, with other disciplinary committees, provided confidentiality is maintained. In conjunction with this referral, the Court may provide the Committee with docket sheets labeled as "Non-Public Dockets," which are internal Court documents that differ in various respects from the docket sheets available to the public. While the Committee is free to make use of the non-public docket sheets, and to provide Stafford with

6

copies to aid in her defense, we note that the docket sheets, and their contents, are to be treated as confidential by all persons who obtain access to them.

If Stafford is represented by counsel at any stage of these proceedings, counsel must file a notice of appearance, under this docket number, with both this Court and the Committee. Additionally, Stafford is advised to review this Court's Local Rule 46.2, the Committee's rules, and the relevant case law. Particular attention should be paid to the need to raise all facts and arguments before the Committee prior to presenting them to this Court in response to a Committee recommendation. *See, e.g., In re Payne*, 707 F.3d 195, 199-200 (2d Cir. 2013); *In re Warburgh*, 644 F.3d 173 (2d Cir. 2011).

It is further **ORDERED** that, pending further order of this panel, Stafford refrain from appearing or otherwise representing any party in this Court, *see In re Adinolfi*, 398 F. App'x 616, 616 (2d Cir. 2010) (noting interim limitation on attorney's caseload pending disciplinary proceeding), and that she submit a copy of the present order with any future application for readmission to the bar of this Court. We acknowledge that this interim suspension may cause other courts and attorney disciplinary authorities to consider reciprocal discipline against Stafford. In that regard, we note that we have no present need to consider more limited interim measures, which may be warranted based on the financial and other mitigating circumstances described in Stafford's response, because her admission to this Court's bar has expired and she has not requested leave to appear in any appeal.[2]

---

[2] Counsel to this panel is authorized to provide, upon request, this order and other documents from the record of this proceeding to other courts and disciplinary authorities. While we request that all documents, other than this order, remain confidential to the extent circumstances allow, we of course leave to the discretion of those recipients the decision of whether specific documents, or portions of documents, should be made available to any person or the public.

**IV. Request Addressed to State and District Court Disciplinary Committees**

It is further **ORDERED** that copies of this order be served on the disciplinary committees for the New York State Appellate Division, First Department, and the United States District Courts for the Eastern and Southern Districts of New York, which may have an interest in, or information relevant to, the present matter. We request that, to the extent permitted by the relevant rules and statutes, *see, e.g.*, New York Judiciary Law § 90(10), those disciplinary authorities be authorized to provide this Court's Committee on Admissions and Grievances with all such relevant information, including complaints filed against Stafford, responses submitted by Stafford, transcripts of any proceedings, recommendations concerning dispositions, and dispositive orders. In sum, we ask for all pertinent information, whether public or private, and authorize counsel to this panel and representatives of this Court's Committee to make any further arrangements that may be necessary. We ask that any such information be delivered directly to this Court's Committee at the following address:

> Paul C. Curnin, Esq.
> Chair, Committee on Admissions and Grievances
> Simpson Thacher & Bartlett LLP
> 425 Lexington Avenue
> New York, New York 10017.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8