[852 NYS2d 98]

In the Matter of WILLIAM JARBLUM, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 28, 2008

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Orlando Reyes* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on February 22, 1971. Respondent currently resides in California, where he was also admitted to practice law in 1996.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.3, suspending respondent from the practice of law predicated upon similar discipline issued by the Supreme Court of California. In the alternative, the Committee seeks an order sanctioning respondent as this Court deems appropriate. Respondent has not responded to the petition.

In October 2005, respondent entered into a stipulation with the California bar. Respondent stipulated to the following facts. From June 2000 to June 2003 he was corporate counsel and escrow agent for Pulse-LINK, Inc. (the corporation). The corporation's escrow account was maintained at a bank in New York. In October 2002, more than $1.9 million of investor funds were transferred into the escrow account for ultimate disbursement to the corporation.

As of March 17, 2003, respondent had remitted $1.2 million of those escrow funds to the corporation and, on or about April 10, 2003, the investors directed respondent to release an additional $800,000. However, on or about April 15, respondent e-mailed the corporation—"I am arranging wire transfer of $700,000 today. I beg your indulgence on the last $100,000 as I work out some issues here." Respondent then went ahead and transferred approximately $700,000 to the corporation.

On or about May 2, 2003, an attorney acting on behalf of the corporation demanded that respondent immediately forward the remaining funds, but he did not. By June 12, 2003, the $100,000 at issue was no longer in the escrow account. Respondent stipulated that—"[b]etween on or about November 29, 2002, and June 12, 2003, Respondent had either transferred the funds to his personal account or used the money for his own benefit." In June 2003, the corporation filed suit against respondent to collect the missing $100,000 and in May 2004, the court rendered a judgment, pursuant to a stipulation of the parties, awarding $150,000 to Pulse-LINK. In July 2005, respondent paid an initial $50,000 toward that judgment. Notification of the foregoing conduct was made to the California bar.

Regarding his misconduct, respondent and the California bar further stipulated that by failing to promptly deliver $100,000 of the investors' funds to the corporation as requested, respondent failed to promptly deliver funds in his possession and which the client was entitled to receive in violation of rule 4-100 (B) (4) of California Rules of Professional Conduct (RPC). Moreover, by transferring $100,000 of the investors' funds into his personal account or by using the money for his personal benefit, respondent failed to maintain client funds in a trust account in wilful violation of RPC 4-100 (A).

Respondent presented mitigating circumstances which were incorporated into the parties' stipulation. Among other things, respondent had no disciplinary history since his New York admission in 1971. His move to California in 1994 followed a bitter divorce and separated him from his two young daughters, and shortly after the move his widowed mother was diagnosed with Alzheimer's disease. This caused him and his sister to shoulder great financial responsibility for nursing care, exacerbating the financial fallout of the divorce which resulted in his relinquishment of the family home and large alimony and child support payments. At one point, respondent was paying $75,000 per year for his daughters to attend private colleges. Respondent also provided character references.

The stipulation was approved by a judge of the State Bar Court and was then submitted to the California Supreme Court, which adopted it in full. Accordingly, on February 1, 2006, the California Supreme Court, accepting the sanction recommended in the stipulation, inter alia, suspended respondent for three years and until completion of the payment of restitution in the amount of $100,000 plus 10% interest from May 27, 2004, such restitution to be paid in semiannual installments of $16,666.60 to Pulse-Link, Inc. Such suspension was stayed and respondent was placed on probation for three years, resulting in an "actual" suspension of two years.

Respondent did not notify the Committee of his California suspension as required by 22 NYCRR 603.3 (d); rather, the Office of the Chief Trial Counsel Enforcement of the State Bar of California (California bar) alerted the Committee in April 2007.

Since this proceeding is seeking reciprocal discipline pursuant to 22 NYCRR 603.3 [c], the Committee correctly asserts that respondent is precluded from raising any defenses except: (1) a lack of notice or opportunity to be heard constituting a deprivation of due process; (2) an infirmity of the proof presented to

the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.

Since respondent has not submitted a response to this petition, he has not raised any of the aforementioned defenses, nor could he where he fully participated in the California disciplinary matter by entering into an agreement whereby he stipulated to the facts, the conclusions of law and the recommended sanction. Moreover, respondent's admitted misconduct would constitute misconduct in this state. In California, respondent was found to have wilfully violated RPC 4-100 (A) by failing to maintain client funds in a trust account and RPC 4-100 (B) (4) by failing to promptly deliver client funds in his possession. Respondent's violation of RPC 4-100 (A) is analogous to Code of Professional Responsibility DR 9-102 (b) (1) (22 NYCRR 1200.46), which requires client funds to be maintained in a special trust account. His violation of RPC 4-100 (B) (4) is analogous to DR 9-102 (c) (4), which requires that a lawyer deliver the property of a client or third party promptly after a demand is made. We therefore decline the Committee's invitation to find intentional conversion in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3) and unintentional misappropriation in violation of DR 9-102 (a) where the conduct stipulated to in the California proceeding did not necessarily rise to that level (*see Matter of Klugerman*, 189 AD2d 284 [1993]), and the State Bar Court of California considered the possibility of willful misappropriation, with its concomitant penalty of disbarment, but rejected such a conclusion and recommended the suspension imposed by the California Supreme Court.

As no available defense under 22 NYCRR 603.3 exists, the only issue for this Court to decide is the appropriate sanction to be imposed. In that regard, the state where an attorney lives and has actively practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (*see Matter of Reiss*, 119 AD2d 1, 6 [1986]; *see also Matter of Supino*, 23 AD3d 11 [2005]). Moreover, while lesser or, as the case may be, greater sanctions for analogous infractions may have been imposed by New York in the past, greater weight should be accorded in reciprocal actions with regard to the determination of sanctions by the state or jurisdiction where the charges were originally brought (*see Matter of Greenfield*, 211 AD2d 29, 31 [1995]).

Therefore, inasmuch as the two year actual suspension imposed by the Supreme Court of California is in accord with

this Court's precedents involving similar charges (*see e.g. Matter of Klugerman*, 189 AD2d 284 [1993]; *see also Matter of Byler*, 274 AD2d 275 [2000], *lv denied* 95 NY2d 766 [2000]), we concur in the findings of professional misconduct by the California Supreme Court and adopt the punishment meted out by that state as appropriate in the circumstances (*see Matter of Dranov*, 26 AD3d 26 [2006]; *Matter of Yagman*, 263 AD2d 151 [1999]).

Accordingly, the Committee's petition for reciprocal discipline should be granted, and respondent suspended from the practice of law in the State of New York for two years.

LIPPMAN, P.J., TOM, MAZZARELLI, ANDRIAS and WILLIAMS, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of two years, effective the date hereof and until further order of this Court.