[913 NYS2d 9]

In the Matter of RONALD S. SALOMON, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 28, 2010

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jun Hwa Lee* of counsel), for petitioner.

*McDonough and McDonough* (*Chris McDonough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Ronald S. Salomon was admitted to the practice of law in the State of New York by the First Judicial Department on May 6, 1991. At all times relevant to this proceeding respondent has maintained an office for the practice of law within the First Judicial Department.

On June 19, 2009, the Departmental Disciplinary Committee filed charges against respondent. On July 4, 2009, the Committee filed amended charges alleging 10 Code of Professional Responsibility violations: DR 1-102 (a) (7), DR 1-104 (c), DR 6-101 (a) (3) (six counts) and DR 9-102 (c) (4) (two counts) (22 NYCRR 1200.3 [a] [7]; 1200.5 [c]; 1200.30 [a] [3]; 1200.46 [c] [4]), by neglecting immigration/asylum matters and engaging in conduct adversely reflecting on his fitness to practice law.

A Referee held a hearing and, by a report dated October 19, 2009, sustained nine of the charges and recommended a six-month suspension (reduced to five months if respondent refunded the fees paid). By a report dated February 18, 2010, a Hearing Panel confirmed the Referee's findings of fact and conclusions of law, except that it also sustained charge 10, and recommended only a three-month suspension.

Now, by petition dated March 27, 2010, the Committee seeks an order confirming the Hearing Panel's findings of fact and conclusions of law and suspending respondent for a period of one year, but not less than six months.

Respondent opposes only the portion of the petition which seeks a sanction greater than the three months recommended by the Panel and asks for the issuance of a public censure.

Since respondent does not challenge the liability findings, the only issue is that of the appropriate sanction to impose. In mitigation, respondent submitted evidence of his reputation in the legal community, his high rate of success (90% to 95% of cases won on the trial and appellate levels), his dedication to his clients and their satisfaction with his services, the nature of his practice, primarily work with immigrants and asylum seekers, his advocacy on behalf of victims of female genital mutilation (FGM) and his work to have FGM recognized as a basis for seeking asylum, and the notable changes respondent instituted

in response to an admonition, including implementation of a computerized calendar system, staff training, and a reduction in caseload, which were designed to, and succeeded in, preventing recurrences of neglect. While nine instances of neglect over a two-year period is not insignificant, the neglect constituted only a small percentage of the 5,000 to 6,000 cases handled by respondent's office. Further, respondent has fully cooperated with the proceedings, admitted the majority of the charges and factual allegations, and claims to have since made restitution to the affected clients.

We find that under the circumstances, public censure, rather than suspension, is the appropriate sanction (*see Matter of Lenoir*, 287 AD2d 243 [2001]; *Matter of Erda*, 209 AD2d 147 [1995] [respondent attorney censured for neglect of three matters, misrepresentations regarding the status of those matters, and a failure to cooperate with the Committee, where she had received two prior admonitions for neglect, upon consideration of mitigating circumstances including her psychological condition during the relevant time frame and her substantial volunteer work]; *Matter of Kraft*, 148 AD2d 149 [1989] [respondent attorney censured for neglect of five matters upon consideration of mitigating circumstances including, inter alia, high volume, low cost divorce practice, respondent's remorse and the minimal chance of recurrence]).

As recognized by the Panel, the 2007 admonition is not a true aggravating factor with respect to the neglect charges at issue since the admonition was issued after the subject misconduct had already occurred.

Accordingly, the Committee's motion is granted to the extent of confirming the findings of fact and conclusions of law of the Hearing Panel. The motion is denied to the extent it seeks a three-month suspension. Respondent shall hereby be publicly censured.

GONZALEZ, P.J., FRIEDMAN, DEGRASSE, MANZANET-DANIELS and ROMÁN, JJ., concur.

Respondent publicly censured.