[934 NYS2d 94]

In the Matter of ROBERT J. ADINOLFI (Admitted as ROBERT JAMES ADINOLFI), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 17, 2011

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Stephen P. McGoldrick* of counsel), for petitioner.

Respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Robert James Adinolfi was admitted to the practice of law in the State of New York by the Second Judicial Department on March 13, 2002. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee is seeking an order, pursuant to 22 NYCRR 603.3, censuring respondent predicated upon similar discipline issued by the United States Court of Appeals for the Second Circuit, or in the alternative, sanctioning respondent as this Court deems appropriate.

In June 2008, the Second Circuit issued an order referring respondent to its Committee on Attorney Admissions and Grievances (Grievance Committee) for an investigation and preparation of a report on whether he should be subject to discipline or other corrective measures. The order noted, among other things, that between the end of 2006 and early 2008, at least 26 of respondent's 103 cases before the court had been dismissed because of his failure to timely file a brief. Respondent often requested extensions to file briefs after the filing deadlines for those briefs had passed. In addition, on at least two occasions, he did not timely file for reinstatement of cases that had been withdrawn without prejudice to refile by a certain deadline. Finally, the order noted that he frequently failed to respond to the court's orders to show cause why cases should not be dismissed for failure to file briefs, to appear for pre-argument conferences, and to respond to telephone calls from the court's personnel regarding scheduling.

In addition to referring respondent to the Grievance Committee, the court, in its June 2008 order, directed respondent to: (1) show cause within 14 days why he should not be suspended pending proceedings before the Grievance Committee; (2) submit a list of all his pending cases with the court; (3) notify the court of any new or reinstated matters; and (4) submit affidavits from each of his clients attesting to the fact that they

had read the court's June 2008 referral order and still wished to have respondent continue as their attorney.

In response to the court's June 2008 order, respondent submitted a list of 34 cases that he claimed were pending before the Second Circuit, and a pleading in which he, among other things, conceded that "corrective measures might be appropriate," but asked that those measures not include his suspension. After reviewing the list of 34 cases, the court discovered some duplicate entries (so that the list actually only contained 30 cases), several errors in case names and docket numbers, and that the list was incomplete. In addition, while respondent filed four new cases in August 2008 and obtained reinstatement of five others in October 2008, he did not file the notices and affidavits that were required to be filed with the court within 14 days, as required by clauses (c) and (d) of the June 2008 order, until December 2008. On the other hand, respondent had not defaulted on any cases since July 2008 and had obtained reinstatements on a number of defaulted cases. The court concluded that suspension, pending the grievance proceedings was not appropriate

> "[i]n light of [respondent's] concession concerning his inadequate performance in this Court, his efforts to obtain reinstatement of the cases dismissed as a result of his briefing defaults, the lack of new defaults, his representation of petitioners on a pro bono basis, and the disruption his suspension would likely cause to his client's legal interests. . . . However, in light of his failure to provide this Court with an accurate list of his pending cases, and to fully comply with clauses (c) and (d) of our June 2008 order, which calls into question his ability to comply with all rules and orders applicable to his cases, we direct [respondent] to refrain from filing any new cases in this Court until the total number of his cases in this Court drops below 30, at which point he may file new cases as long as the total number of pending cases does not exceed 30. Although [respondent] may seek reinstatement of defaulted cases even if his total number of pending cases exceeds 30, once a case is reinstated it will count as a pending case for the purposes of the limit on filing new cases described in the preceding sentence."

The Grievance Committee conducted a hearing on September 8, 2008, at which respondent appeared pro se and testified on his own behalf. The Committee noted that respondent did not contest the facts set out in the court's June 2008 referral order, and that "they are consistent with the Committee's independent review of the dockets." The Committee determined that there was clear and convincing evidence that respondent's conduct violated Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3] [neglect of a client matter]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.3 (b) (effective Apr. 1, 2009), and that his conduct was "unbecoming a member of the bar" and "inimical to the administration of justice."

The Committee concluded that there were both mitigating and aggravating factors to consider. In aggravation, the Committee cited the vulnerability of respondent's immigrant clients and that his neglect constituted a pattern, involving multiple instances over a period of more than one year. In mitigation, the Committee cited respondent's "evident remorse . . . his apparent lack of a selfish motive and his apparent good-faith willingness to cooperate with the Committee and with the Court." Additionally, the Committee noted the genuine efforts respondent had made "to correct the consequences of his past conduct" and to improve his practice so that he had not defaulted on a case since July 2008 and had successfully obtained reinstatement in a number of defaulted cases.

Ultimately, the Committee did not believe a suspension would serve the interests of justice or respondent's clients. By a report dated August 5, 2009, the Committee recommended respondent be publicly reprimanded for his "pattern of neglect of client matters . . . or a significant inability to competently handle the volume of his practice, resulting in persistent disregard of [the court's] scheduling orders." In addition, the Committee determined that respondent should be required to complete six hours of CLE in law office management and submit biannual status reports on the functioning of his practice for the next two years. It also noted the conditions set forth in the court's prior orders be extended for an additional period of at least two years. By order entered September 16, 2010 (398 Fed Appx 616 [2d Cir 2010]), the Second Circuit adopted the court's Grievance Committee report, publicly reprimanded respondent, and set forth various conditions including reporting requirements and caseload restrictions. This order provides the basis for the First

Department Departmental Disciplinary Committee's reciprocal discipline petition.

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3, respondent is precluded from raising any defenses except: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct presented to the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.

Respondent, who appears pro se, does not argue that he has a valid defense to the imposition of reciprocal discipline. Instead, he requests public censure, as suggested by the Disciplinary Committee, in light of the mitigation described in the Grievance Committee's report including his efforts to improve his practice, his lack of a selfish motive, his cooperation in the federal proceedings and his representation of petitioners in the Second Circuit on a pro bono basis. Respondent advises that he has followed the directives of the court and timely completed CLE requirements in law office management mandated by the report and the September 16, 2010 order.

Since respondent concedes the factual allegations of the petition, he has not raised any of the aforementioned defenses. In any event, a review of the record establishes that respondent was afforded due process and that sufficient evidence established his admitted misconduct. Moreover, the conduct for which he was disciplined constituted a violation of the Code of Professional Responsibility (DR 6-101 [a] [3]) and the Rules of Professional Conduct (rule 1.3 [b]) (see Matter of Vohra, 303 AD2d 61 [2003] [attorney censured for failing to perform work for client and misrepresenting to client and law partner that work had been completed]).

As no available defense under 22 NYCRR 603.3 exists, the only issue for this Court to decide is the appropriate sanction to be imposed. It is a generally accepted principle that the state where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (see Matter of Reiss, 119 AD2d 1, 6 [1986]; see also Matter of Supino, 23 AD3d 11 [2005]). Moreover, a censure is in accord with the mitigation presented and this Court's precedent under similar circumstances (see e.g. Matter of Salomon, 78 AD3d 115 [2010]; Matter of Ioannou, 47 AD3d 65 [2007]; Matter of Meltzer, 293

AD2d 202 [2002]; *Matter of Lenoir*, 287 AD2d 243 [2001]; *Matter of Linn*, 109 AD2d 124 [1985]).

Accordingly, the Committee's petition for reciprocal discipline should be granted, and respondent publicly censured.

SAXE, J.P., CATTERSON, MOSKOWITZ, RENWICK and DEGRASSE, JJ., concur.

Respondent publicly censured.