OPINION OF THE COURT
Per Curiam.
Respondent Harry A. DeMell was admitted to the practice of law in the State of New York by the Second Judicial Department in 1978. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Department.
In December 2009, the Second Circuit Court of Appeals publically reprimanded respondent for failure to file a timely response, or timely request an extension of time to respond, to a motion to dismiss, resulting in prejudice to his client; failure to file a preargument statement in an administrative matter, resulting in its dismissal; and failure to timely submit papers, or timely request an extension of time, in several other cases (589 F3d 569 [2d Cir 2009]). The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.3, imposing reciprocal discipline, namely, a public censure or, in the alternative, such discipline as this Court deems appropriate. In response, respondent requests that any reciprocal discipline imposed be limited to a private reprimand.
Respondent does not assert any of the defenses to reciprocal discipline enumerated at 22 NYCRR 603.3 (c), to wit: lack of notice and opportunity to be heard; infirmity of proof; or the absence of any comparable New York provision warranting discipline for the misconduct identified by the foreign jurisdiction. Rather, respondent, through counsel, has submitted an affirmation in which he “urge[s] this Court to impose professional discipline consistent with Rule 603.9 (private admonition) or remand the matter to the D.D.C. for such discipline to avoid the untoward result that a public admonition may be mis-perceived as an instance of repeated conduct.” In his own affirmation, respondent argues that imposing further discipline would be “excessive” and requests “forbearance and ... a private reprimand at most.”
We note that respondent was represented by current counsel throughout the course of the federal disciplinary proceedings. The Second Circuit adopted the conclusion of that court’s Committee on Admissions and Grievances, finding “clear and convincing evidence that DeMell had engaged in conduct ‘unbecoming a member of the bar’ within the meaning of Federal Rule of Appellate Procedure 46 (c). Specifically, the *96 Committee found that DeMell had engaged in ‘conduct inimical to the administration of justice’ . . . and had neglected matters entrusted to him as a lawyer” (589 F3d at 570, quoting In re Snyder, 472 US 634, 645 [1985], and citing former New York Code of Professional Responsibility DR 6-101[a] [3] [22 NYCRR 1200.30 (a) (3)]). Thus, the only issue before this Court is the sanction to be imposed.
As a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Jaffe, 78 AD3d 152, 158 [2010]; Matter of Jarblum, 51 AD3d 68 [2008]), and departure from the general rule is rare (see e.g. Matter of Lowell, 14 AD3d 41 [2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]). In addition, the federal public reprimand is equivalent to public censure, which has been imposed by this Court under similar circumstances (see Matter of Gell, 94 AD3d 116 [2012] [respondent, publicly reprimanded by Second Circuit for failing to comply with scheduling orders, resulting in dismissal of numerous petitions for review, and for practicing before the court prior to being admitted, publicly censured]; Matter of Salomon, 78 AD3d 115 [2010] [respondent who, inter alia, neglected nine immigration matters, publicly censured]; Matter of Adinolfi, 90 AD3d 32 [2011] [respondent publicly censured based on a public reprimand issued by the Second Circuit for misconduct involving, inter alia, numerous failures to submit timely briefs in support of petitions for review]).
Accordingly, the Committee’s petition pursuant to 22 NYCRR 603.3 should be granted and respondent censured.
Gonzalez, P.J., Tom, Catterson, Richter and Roman, JJ., concur.
Respondent publicly censured.