[949 NYS2d 47]

In the Matter of VLAD A. KUZMIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 24, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Vlad A. Kuzmin,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Vlad A. Kuzmin was admitted to the practice of law in the State of New York by the Third Judicial Department on June 23, 1998. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Department.

By order rendered October 12, 2010, the United States Court of Appeals for the Second Circuit publicly reprimanded respondent for misconduct he was found to have committed in representing clients in immigration matters before that court (*In re Kuzmin,* 2010 WL 3980018, 2010 US App LEXIS 21052 [2d Cir, Oct. 12, 2010, No. 07-9048-am] [the reprimand order]). The Second Circuit's reprimand order adopted the findings of a report, dated March 2010, by the court's Committee on Admissions and Grievances (CAG), to which respondent had been referred for investigation in 2007. As summarized by the Second Circuit, the CAG found, after a hearing,

> "that Kuzmin had: (1) missed this Court's briefing deadlines on multiple occasions; (2) regarding *Qun Yang v. McElroy,* 98-4391-ag, missed both the initial briefing deadline and the deadline for responding to this Court's subsequent order to show cause why the case should not be dismissed based on his default, failed to notify his client promptly of the case status, and failed to adequately advise immigration authorities of the circumstances of Yang's entry into the United States; (3) used a retainer agreement that did not comport with New York's ethical rules; and (4) repeatedly failed to formally withdraw from, or stipulate to the dismissal of, cases that he had abandoned" (2010 WL 3980018, *1, 2010 US App LEXIS 21052, *2).

Before the Second Circuit, respondent raised no objection to these factual and legal findings or to the CAG's recommendation that he be publicly reprimanded (2010 WL 3980018, *1, 2010 US App LEXIS 21052, *3). In addition, the Second Circuit found that, since his referral to the CAG for investigation in 2007, respondent had made late filings in several other matters in addition to those noted by the CAG, and noted that an additional client had complained that respondent had allowed his

immigration appeal to be dismissed upon default without first consulting the client (2010 WL 3980018,*1-2, 2010 US App LEXIS 21052, *3-4).

The report of the CAG that the Second Circuit adopted in its reprimand order contained findings that respondent had violated Code of Professional Responsibility DR 2-106 (a) and (c) (3) (22 NYCRR 1200.11 [a], [c] [3]) (prohibiting the charging of excessive fees or fees prohibited by law or court rule), DR 2-110 (a) (1) and (2) (22 NYCRR 1200.15 [a] [1], [2]) (requiring that a lawyer only withdraw from employment in compliance with applicable law and rules and in a manner that avoids foreseeable prejudice to the client), and DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3]) (requiring a lawyer, upon withdrawing from employment, to refund promptly any unearned portion of a fee that was paid in advance).* Although the CAG did not expressly state that respondent violated DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]) (prohibiting neglect of a legal matter) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) (prohibiting conduct adversely reflecting on the lawyer's fitness to practice law), these rules are referenced in the CAG report, and it is clear that the conduct in which respondent was found to have engaged also violated these rules.

Now before us is the petition of the Departmental Disciplinary Committee seeking the issuance of an order, pursuant to Judiciary Law § 90 (2) and 22 NYCRR 603.3, imposing reciprocal discipline on respondent. The Committee requests that we impose a public censure, which is the equivalent of a public reprimand in the federal court system, or, in the alternative, whatever discipline this Court deems appropriate under the circumstances. In response, respondent consents to any reciprocal discipline deemed appropriate by this Court, and expresses contrition for his misconduct. He does not assert any of the defenses to reciprocal discipline provided by 22 NYCRR 603.3 (c).

The record establishes, and respondent does not dispute, that he received full due process in the Second Circuit proceedings culminating in his discipline by that court; that there is no infirmity in the proof establishing the misconduct found by the Second Circuit; and that the misconduct for which he was disciplined by the Second Circuit also constitutes misconduct in the court system of the State of New York. Accordingly, the only

* The CAG's report is set forth as an appendix to the Second Circuit's reprimand order (*see* 2010 WL 3980018, *4-19, 2010 US App LEXIS 21052, *11-51).

issue left for this Court to determine is the sanction to be imposed. In matters of reciprocal discipline, we generally give significant weight to the sanction imposed by the jurisdiction in which the charges were initially adjudicated (*see Matter of Jaffe*, 78 AD3d 152, 158 [2010]). In similar cases involving attorneys who received a public reprimand by a federal court, we have imposed a public censure as reciprocal discipline (*see Matter of Gell*, 94 AD3d 116 [2012]; *Matter of Adinolfi*, 90 AD3d 32 [2011]).

Accordingly, the Committee's petition for reciprocal discipline pursuant to 22 NYCRR 603.3 should be granted, and respondent publicly censured.

TOM, J.P., FRIEDMAN, FREEDMAN, RICHTER and MANZANET-DANIELS, JJ., concur.

Respondent publicly censured.