[952 NYS2d 560]

In the Matter of JORGE GUTTLEIN (Admitted as JORGE DE JESUS GUTTLEIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 25, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Roberta N. Kolar* of counsel), for petitioner.

*Richard M. Maltz*, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Jorge Guttlein was admitted to the practice of law in the State of New York by the First Judicial Department on July 7, 1980, under the name Jorge De Jesus Guttlein. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.3, publicly censuring respondent predicated upon similar discipline imposed by the United States Court of Appeals for the Second Circuit. In the alternative, the Committee seeks an order sanctioning respondent as we deem appropriate.

By referral orders dated December 18, 2007 and March 10, 2008, the Second Circuit referred respondent to its Committee on Admissions and Grievances (CAG) to investigate and report on whether he should be subject to discipline or other corrective measures. These orders were based on: (1) the dismissal of 31 out of 50 petitions for review for failure to comply with the court's scheduling orders; (2) the dismissal of three additional petitions based upon respondent's failure to file the required civil appeal pre-argument statement; (3) the poor quality of respondent's brief in one case which failed to address the basis of an administrative agency's decision as well as the failure to exhaust the client's administrative remedies; and (4) the Second Circuit's order in *Vargas-Gonzalez v United States Dept. of Justice* (No. 05-3562-ag), which granted a motion for reinstatement filed by respondent, despite the untimeliness of the request.

A hearing was held on September 19, 2008 before a subcommittee of the CAG at which respondent, represented by counsel, testified and submitted material in explanation as to each of the above allegations of misconduct, as well as with respect to personal and financial issues which affected his large immigration practice. In May 2009, the CAG filed its report finding respondent guilty of misconduct by clear and convincing evidence and recommending that he be given a public reprimand and that he comply with certain reporting requirements.

By order entered May 20, 2010 (378 Fed Appx 24 [2d Cir 2010]), the court adopted the CAG report, including its recom-

mendation of a public reprimand and status report requirements. In its order, the court cited additional relevant conduct by respondent that included additional defaults in scheduling orders and late filing of briefs. It is this order of public reprimand that forms the basis of the instant petition for reciprocal discipline.

In seeking an order pursuant to 22 NYCRR 603.3, and imposing public censure upon respondent, the Committee correctly argues that respondent is precluded from raising any defenses except: (1) a lack of notice or opportunity to be heard constituting a deprivation of due process in the proceeding in the foreign jurisdiction; (2) an infirmity of proof presented to the foreign jurisdiction; or (3) the conduct for which the attorney was disciplined does not constitute misconduct in this jurisdiction (*see* 22 NYCRR 603.3 [c]; *Matter of Rogge*, 51 AD3d 367 [2008]; *Matter of Glatman* 47 AD3d 230 [2007]; *Matter of Hoffman*, 34 AD3d 1 [2006]).

Respondent, represented by counsel, does not oppose this reciprocal proceeding, nor does he assert any of the above defenses. Rather, respondent joins in the Committee's request for a public censure and respectfully requests that we follow the general principle of imposing the same discipline as the original jurisdiction. Respondent asserts the same mitigating factors he raised before the CAG, including the finding that no clients were prejudiced because of the cases in which there were defaults the clients were not interested in proceeding, his character and remorse, his cooperation with disciplinary authorities, and the fact that he did not engage in the misconduct with a selfish motive. Additionally, respondent avers that he has not engaged in new misconduct since the Second Circuit's decision, and has made major improvements to his firm, including the hiring of additional associates and paralegals to ensure that he has sufficient staff to avoid scheduling defaults.

The Committee's petition for reciprocal discipline should be granted since it is undisputed that respondent has no defenses under 22 NYCRR 603.3 (c). Respondent was provided with sufficient notice and an opportunity to be heard before the Second Circuit, having testified and submitted various documents. There is no infirmity of proof since the findings of misconduct were supported by court records and respondent's admissions. Finally, respondent's conduct violates Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]) and rule 1.3 (b) of the Rules of Professional Conduct (22 NYCRR

1200.0) (neglect of a legal matter). Moreover, respondent's failure to comply with the rules of the Second Circuit also constitutes conduct prejudicial to the administration of justice in violation of DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d). His pattern of neglect would also constitute conduct adversely reflecting on his fitness as a lawyer in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h).

As to the issue of an appropriate sanction, we generally accord significant weight to the discipline imposed by the jurisdiction where charges were initially filed (*see Matter of Jarblum*, 51 AD3d 68 [1st Dept 2008]; *Matter of Hatton*, 44 AD3d 49 [1st Dept 2007]). Additionally, the Second Circuit's imposition of a public reprimand is in accord with cases where immigration attorneys were censured for neglecting client matters (*see Matter of Mundie*, 97 AD3d 194 [1st Dept 2012]; *Matter of Gell*, 94 AD3d 116 [1st Dept 2012]; *Matter of Cox*, 89 AD3d 147 [1st Dept 2011]).

Accordingly, the Committee's petition for reciprocal discipline should be granted, and respondent publicly censured.

MAZZARELLI, J.P., ANDRIAS, FRIEDMAN, SWEENY and CATTERSON, JJ., concur.

Respondent publicly censured.