[954 NYS2d 11]

In the Matter of HENRY ZHANG, an Attorney, Respondent. DE-
PARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDI-
CIAL DEPARTMENT, Petitioner.

First Department, November 8, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,*
New York City (*Roberta N. Kolar* of counsel), for petitioner.
*Henry Zhang,* respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Henry Zhang, was admitted to the practice of law in the State of New York by the Second Judicial Department on March 7, 2001. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.3, imposing reciprocal discipline by way of a public censure of respondent based on an order issued by the United States Court of Appeals for the Second Circuit, dated May 10, 2010, publicly reprimanding him (376 Fed Appx 104 [2010]).

By orders entered December 18, 2007 and March 10, 2008, the Second Circuit referred respondent to its Committee on Admissions and Grievances (CAG) for an investigation and report on whether he should be subject to disciplinary or other corrective measures. The 2007 order was based on the Second Circuit's dismissal of 34 of 91 petitions for review filed by respondent in immigration cases over a five-year period. All of the dismissals were based on respondent's failure to comply with the court's scheduling orders. The 2008 order cited inaccurate and misleading information in forms filed with the court with respect to two related immigration appeals of a married couple.

After submitting a response to the court's referral orders, respondent appeared with counsel at a hearing that was held before a subcommittee of the CAG on November 19, 2008. In March 2009, the CAG filed its report finding respondent guilty by clear and convincing evidence of conduct "unbecoming of a member of the bar." The CAG's report noted the following:

> "Specifically, [respondent] has engaged in 'conduct inimical to the administration of justice,' . . . and neglected matters entrusted to a lawyer, N.Y. Code D.R. 6-101(A) (3). The evidence in this proceeding shows that [respondent] and members of his office neglected client matters, primarily through failure to file timely briefs, but also on at least two occasions through deficient briefing. In addition, [respondent] repeatedly failed to formally withdraw from or stipulate to the dismissal of cases which he had in practice abandoned, thus burdening the Court with extra work, and violating the Court's

scheduling orders. However, no evidence supports any finding of dishonesty or bad faith on [respondent's] part; rather, [respondent's] misconduct appears to be the product primarily of personal difficulties and inadequate case management. The Committee notes that there is no dispute over any fact that serves as a basis for disciplinary action.''

The CAG did find that respondent's practice appeared to be functioning effectively as of the date of the report. The CAG recommended a public reprimand as a sufficient sanction in recognition of the severity of respondent's past conduct. In addition, the CAG recommended the imposition of reporting requirements to ensure respondent's continued efforts to enhance his ability to manage his practice. By letter dated April 3, 2009, respondent informed the CAG that he found the report to be fair and did not object to it.

By order entered on May 10, 2010, the Second Circuit adopted the factual findings of the CAG and publicly reprimanded respondent. In addition, the court's order required respondent to attend continuing legal education programs on law office management, federal appellate practice and appellate brief writing within six months of the filing of the order; to comply with the reporting requirements recommended by the CAG; and for a period of three years, to refrain from filing briefs, motions or other papers unless they are cosigned by another member of the court's bar who has appeared as cocounsel.

In a reciprocal discipline proceeding brought under 22 NYCRR 603.3, the only defenses available to a respondent are: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct presented in the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this State.

Respondent, who has not filed answering papers, does not assert any of the above defenses. We note, however, that respondent was sufficiently afforded due process before the Second Circuit where he appeared by counsel after having been served with the orders of referral to the CAG, appeared at the CAG's hearing and submitted a response by which he elected not to challenge the CAG's report. The finding of misconduct is amply supported by the record before the Second Circuit and the CAG. Moreover, we find that respondent's pattern of filing deficient

and untimely briefs would also constitute misconduct in New York under former Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]; *see Matter of Gell*, 94 AD3d 116 [1st Dept 2012]). Inasmuch as no defense to the petition exists, the Committee's petition for an order imposing reciprocal discipline should be granted.

In considering an appropriate sanction, this Court generally accords significant weight to the discipline imposed by the jurisdiction where the charges were initially filed (*see Matter of Jarblum*, 51 AD3d 68, 71 [1st Dept 2008]). In addition, the Second Circuit's imposition of a public reprimand is in accord with cases in which this Court has censured attorneys for neglecting client matters, including immigration matters (*see e.g. Matter of Adinolfi*, 90 AD3d 32 [1st Dept 2011]).

Accordingly, the Committee's petition for reciprocal discipline should be granted and respondent publicly censured.

ACOSTA, J.P., RENWICK, DEGRASSE, FREEDMAN and RICHTER, JJ., concur.

Respondent publicly censured.