[979 NYS2d 274]

In the Matter of VISUVANATHAN RUDRAKUMARAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 12, 2013

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Orlando Reyes* of counsel), for petitioner. *Jonathan Robert Nelson*, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Visuvanathan Rudrakumaran was admitted to the practice of law in the State of New York by the First Judicial Department on July 12, 1993. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Department.

By order dated February 15, 2013, the United States Court of Appeals for the Second Circuit publicly reprimanded respondent for misconduct committed in connection with immigration matters (*In re Rudrakumaran*, 516 Fed Appx 9 [2d Cir 2013]). The reprimand was based on findings of the Second Circuit's Committee on Admissions and Grievances (which the Second Circuit adopted, subject to certain minor clarifications) that, between 2002 and 2009, respondent

> "had, *inter alia*: (1) defaulted on scheduling orders in twenty-seven cases, resulting in their dismissal, although he succeeded in reinstating eight of them; (2) created an unnecessary and substantial risk of potential injury to those clients who eventually received relief after their defaulted cases were reinstated; (3) caused injury or potential injury, through lack of reasonable diligence, to two clients who were denied reinstatement of their defaulted cases; (4) failed to withdraw seventeen cases despite knowing that the clients did not wish to proceed or that other circumstances rendered further proceedings unnecessary; and (5) on a number of other occasions, violated this Court's rules and orders by untimely filing various documents" (*id.* at 10).

Based on these factual findings, respondent was found to have neglected legal matters entrusted to him in violation of Code of Professional Responsibility DR 6-101 (a) (3) (now Rules of Professional Conduct [RPC] [22 NYCRR 1200.0] rule 1.3 [b]) and to have engaged in conduct prejudicial to the administration of justice and adversely reflecting on his fitness to practice law in violation of DR 1-102 (a) (5) and (7) (now RPC rule 8.4 [d], [h]) (*id.* at 28). He was also found to have intentionally failed to seek the lawful objectives of his clients through reasonably available means in violation of RPC rule 1.1 (c) (1), to have intentionally damaged or prejudiced clients during the course of representation in violation of RPC rule 1.1 (c) (2), and to have intentionally failed to carry out a contract of employment with

a client in violation of RPC rule 1.3 (c) (*id.*). After considering the relevant aggravating and mitigating factors (*id.* at 28-29), the Second Circuit's Committee on Admissions and Grievances recommended that respondent be publicly reprimanded for his misconduct, and the Second Circuit adopted this recommendation.

The Departmental Disciplinary Committee of this Court now petitions us to impose a public censure upon respondent as reciprocal discipline pursuant to Rules of the Appellate Division, First Department [22 NYCRR] § 603.3, predicated upon the public reprimand imposed by the Second Circuit. In response, respondent asserts none of the defenses to a petition for reciprocal discipline enumerated by 22 NYCRR 603.3 (c) (that he was not afforded notice and an opportunity to be heard in the federal proceeding; that there was an infirmity in the proof establishing the misconduct in that proceeding; or that the misconduct found by the federal court would not constitute misconduct under New York law). Instead, he asks this Court to exercise its discretion to refrain from imposing reciprocal discipline, based on his compliance with the requirements the Second Circuit imposed on him in its order, his minimal involvement with New York's state court system, his lack of a prior disciplinary history, and a number of other mitigating factors.

After consideration of respondent's arguments, we find it entirely appropriate to impose reciprocal discipline, and proceed to consider the sanction to be imposed. As a general rule in reciprocal disciplinary matters, we give significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (*see Matter of Jaffe*, 78 AD3d 152, 158 [1st Dept 2010]; *Matter of Jarblum*, 51 AD3d 68 [1st Dept 2008]). Only in rare instances will we depart from this general rule (*see Matter of Lowell*, 14 AD3d 41 [1st Dept 2004], *appeal dismissed* 4 NY3d 846 [2005], *lv denied* 5 NY3d 708 [2005]). In this matter, a public censure—the equivalent of a public reprimand in the federal court system—is in accord with this Court's precedent involving imposition of reciprocal discipline for similar misconduct (*see Matter of Fengling Liu*, 109 AD3d 284 [1st Dept 2013]; *Matter of Kuzmin*, 98 AD3d 266 [1st Dept 2012]; *Matter of Gell*, 94 AD3d 116 [1st Dept 2012]; *Matter of Adinolfi*, 90 AD3d 32 [1st Dept 2011]).

Accordingly, the Committee's petition for reciprocal discipline pursuant to 22 NYCRR 603.3 should be granted, and respondent publicly censured.

GONZALEZ, P.J., FRIEDMAN, DEGRASSE, MANZANET-DANIELS and FEINMAN, JJ., concur.

Respondent publicly censured.