[987 NYS2d 65]

In the Matter of THEODORE A. VIALET (Admitted as THEODORE ANTHONY VIALET), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 3, 2014

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Orlando Reyes* of counsel), for petitioner.

*Theodore A. Vialet,* respondent pro se, no appearance.

### OPINION OF THE COURT

Per Curiam.

Respondent Theodore A. Vialet was admitted to the practice of law in the State of New York by the Second Judicial Department on May 29, 1996, under the name Theodore Anthony Vialet. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By petition dated February 7, 2014, the Departmental Disciplinary Committee (DDC) seeks an order, pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, publicly censuring respondent predicated upon similar discipline imposed by the United States Court of Appeals for the Second Circuit on February 7, 2012 (460 Fed Appx 30 [2012]), or, in the alternative, sanctioning respondent as this Court deems appropriate.

By order of February 25, 2010, the Second Circuit referred respondent to its Committee on Admissions and Grievances (CAG) for investigation and preparation of a report on whether he should be subject to disciplinary and/or corrective action. At issue was, inter alia, respondent's conduct in connection with 31 petitions for review in immigration matters in which he failed to comply with the court's scheduling orders resulting, in many instances, in dismissal. In other instances, respondent filed briefs only after the court had issued orders to show cause why the petitions for review should not be dismissed. Also at issue was respondent's submission of deficient briefs.

By letter of March 1, 2010 entitled "Notice of Referral and Proceeding," the CAG provided respondent with a copy of the referral order and directed him to respond within 30 days. Respondent explained that his failure to comply with the court's scheduling orders and his deficient briefing were the result of, inter alia: (1) poor health; (2) an unmanageable caseload; (3) inadequate office support; and (4) time pressures and short

deadlines imposed by the court's rules. As to his deficient briefing, respondent emphasized that only a small percentage of the total number of briefs he submitted to the court were of poor quality; he apologized for his conduct, and emphasized that he did not intentionally fail to meet the court's deadlines.

On October 8, 2010, a hearing was held before a CAG subcommittee at which respondent appeared pro se and testified on his own behalf. Respondent essentially reiterated the explanations set forth in his prior responses and emphasized, inter alia, that he successfully moved to have some of the dismissed matters reopened by the Board of Immigration Appeals.

In May 2011, the CAG issued its report in which it found by clear and convincing evidence that respondent had committed misconduct and recommended that he be publicly reprimanded and required to fulfill certain CLE requirements. The CAG also concluded that respondent had filed deficient briefs in several cases, in violation of Federal Rules of Appellate Procedure rule 28 (a) (9) (A), and continued to do so even after the court issued its referral order.

Based upon the foregoing the CAG found that respondent violated, inter alia: Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0) (conduct prejudicial to the administration of justice); DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and rule 8.4 (h) (conduct that adversely reflects on fitness as a lawyer); DR 6-101 (a) (22 NYCRR 1200.30 [a]) and rules 1.1 (b) and 1.3 (b) (lack of competence, inadequate preparation, and neglect); DR 7-101 (a) (22 NYCRR 1200.32 [a]) and rules 1.1 (c) (1) and (2) and 1.3 (c) (failure to seek the objectives of a client; prejudice or damage to a client, and failure to carry out a contract of employment); rule 1.2 (e) (failure to properly exercise professional judgment); DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and rule 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation); and rule 8.4 (b) (illegal conduct adversely reflecting on honesty, trustworthiness or fitness as a lawyer) (discussed further infra).*

As to aggravation, the CAG noted: (1) respondent's pattern of failing to meet deadlines or failing to apply for extensions before

---

* The conduct at issue occurred between 2008 and 2009 and, therefore, must be evaluated under both the former Code of Professional Responsibility Disciplinary Rules and the current Rules of Professional Conduct.

deadlines had passed fell "slightly on the side of aggravation"; and (2) while respondent had improved his timeliness, he continued to miss court imposed deadlines. The CAG also found significant mitigation, to wit: (1) respondent expressed remorse and lacked a selfish motive; (2) he provided valuable legal services to under-served West African immigrants, predominantly in asylum cases; (3) he charged low fees which made him accessible to his clients; (4) he accepted responsibility for his misconduct and instituted corrective measures; (5) the misconduct at issue occurred over a relatively brief period of time; (6) he had reduced his appellate caseload; and (7) he had enjoyed some success in significant asylum cases.

As to sanction, the CAG opined:

> "[i]t is the Committee's conclusion that [respondent] was not properly equipped to handle the influx of Second Circuit matters that came in to his office—that is, [respondent] lacked sufficient practical skills, support staff, and experience to adequately follow the Court's rules and properly protect his clients' interests. It also is this Committee's conclusion, however, that because of [respondent's] educational background and his genuine dedication to his clients' needs, [respondent] is indeed capable of competently representing petitioners before the Court . . .

> "In light of all the factors noted above, the Committee recommends that [respondent] receive a public reprimand from the Court."

The CAG also recommended that respondent be required to complete certain CLE requirements.

In June 2011, respondent submitted a response to the CAG's report in which he, inter alia, acknowledged his misconduct and agreed with the CAG's findings and recommendations. Respondent argued, however, that the CAG's report failed to list *all* the cases he had managed to reopen after their dismissal by the court.

By order of February 7, 2012, the Second Circuit adopted the CAG report, publicly reprimanded respondent, and imposed the CLE requirements recommended by the CAG. The Second Circuit addressed respondent's response to the CAG's report stating that it construed his argument that the CAG's list of reopened matters was incomplete as a request to consider ad-

ditional mitigation. The court found, however, that the CAG had credited respondent's reopening of cases beyond the two matters cited in its report. It is this order of public reprimand that forms the basis of the instant motion for reciprocal discipline.

The only defenses to reciprocal discipline are enumerated at 22 NYCRR 603.3 (c), to wit: a lack of notice and opportunity to be heard in the foreign jurisdiction; an infirmity of proof establishing the misconduct; and the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York (*Matter of Hoffman*, 34 AD3d 1 [1st Dept 2006]). Respondent's failure to appear notwithstanding, no such defenses are available. Respondent received notice of the allegations at issue in the Second Circuit's referral order and in the CAG's notice of referral and proceedings, submitted responses to the CAG's notice, testified at the hearing and submitted a response to the CAG's report in which he acknowledged his misconduct and accepted its recommendations. In addition, there is no infirmity of proof since the findings of misconduct are supported by respondent's admissions and court records.

Moreover, respondent's conduct in failing to comply with court scheduling orders, and submitting deficient and untimely briefs would constitute misconduct in New York under DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]), rule 8.4 (d) and (h), DR 6-101 (a), rules 1.1 (b) and 1.3 (b) and (c), DR 7-101 (a) (22 NYCRR 1200.32 [a]) and rules 1.1 (c) (1) and (2) and 1.2 (e).

However, the CAG's finding that respondent violated DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and rule 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation) and (b) (illegal conduct adversely reflecting on honesty, trustworthiness or fitness as a lawyer) should *not* be a basis for reciprocal discipline because the CAG's report is not sufficiently clear as to how the conduct at issue (i.e. failure to meet briefing deadlines and submission of deficient briefs) violated these rules. Further, the DDC does not specifically cite to these three violations as part of its argument that respondent's misconduct before the Second Circuit would also constitute misconduct if committed before the courts of New York State.

Thus, the only issue left for this Court to decide is the appropriate sanction to be imposed. As a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (*see Matter of Jaffe*, 78 AD3d 152, 158 [1st

Dept 2010]; *Matter of Jarblum*, 51 AD3d 68 [1st Dept 2008]). In addition, a public censure is in accord with this Court's precedent involving similar misconduct involving immigration matters (*see Matter of Rudrakumaran*, 113 AD3d 107 [1st Dept 2013]; *Matter of Fengling Liu*, 109 AD3d 284 [1st Dept 2013]; *Matter of Zhang*, 101 AD3d 79 [1st Dept 2012]; *Matter of Guttlein*, 100 AD3d 166 [1st Dept 2012]; *Matter of Gell*, 94 AD3d 116 [1st Dept 2012]; *Matter of Adinolfi*, 90 AD3d 32 [1st Dept 2011]).

Accordingly, the Committee's petition is granted and respondent is publicly censured pursuant to 22 NYCRR 603.3.

MOSKOWITZ, J.P., RICHTER, MANZANET-DANIELS, CLARK and KAPNICK, JJ., concur.

Respondent publicly censured.