[972 NYS2d 231]

In the Matter of THOMAS F. LIOTTI (Admitted as THOMAS FRAN-
CIS LIOTTI), an Attorney, Respondent. DEPARTMENTAL DISCI-
PLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT,
Petitioner.

First Department, September 26, 2013

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Thomas F. Liotti*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Thomas F. Liotti was admitted to the practice of law in the State of New York by the Second Judicial Department on September 7, 1977, as Thomas Francis Liotti. At all times relevant herein, respondent maintained an office for the practice of law within the Second Department. By order entered November 20, 2009, the Second Department transferred jurisdiction over all complaints against respondent to the First Judicial Department.

By order entered December 2, 2011, the United States Court of Appeals for the Fourth Circuit publicly admonished respondent for conduct committed before that court in connection with a criminal appeal (*Matter of Liotti*, 667 F3d 419 [2011], *cert denied* 566 US —, 132 S Ct 2735 [2012]). The facts supporting the federal disciplinary sanction, which is equivalent to a public censure in this jurisdiction, are set forth in detail in the Fourth Circuit decision, and will not be repeated here.

To summarize, the Circuit Court found that respondent: (1) improperly joined unrelated quotations of a witness's testimony in his brief so as to give the appearance that he was citing to a continuous stream of testimony; (2) accused the trial judge, without factual witness support, of suppressing evidence; (3) wrongly accused the government of purposely overestimating the anticipated length of the trial in order to defeat his motion to change venue; (4) submitted and relied on a declaration to support the legitimacy of a purported online conversation about which he had no personal knowledge; and (5) asserted, without factual support, that two Secret Service agents involved in the investigation of his client had been terminated for misconduct.

By this motion, the Departmental Disciplinary Committee seeks an order, pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, disciplining respondent predicated upon the misconduct which gave rise to the discipline imposed by the Fourth Circuit and sanctioning him as this Court deems appropriate under the circumstances. In response, respondent, pro se, asks that the Com-

mittee's petition be withdrawn or denied, or, alternatively, that he be granted a hearing. Respondent further requests that, if this Court determines that the Committee's petition is frivolous, that costs and sanctions be imposed.

Respondent has no defense to reciprocal discipline under 22 NYCRR 603.3 (c). With respect to due process, respondent was advised of the allegations at issue in the Fourth Circuit's notice to show cause, he submitted a declaration in response, and, with representation by counsel, submitted a brief to the federal appeals court. He also had the opportunity, again through counsel, to present oral argument. Moreover, the Fourth Circuit's substantive misconduct findings are amply supported by the record and by the admissions made by respondent in his written submissions. Finally, the Fourth Circuit expressly found that respondent violated New York Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4.

As a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (*see Matter of Jaffe*, 78 AD3d 152, 158 [1st Dept 2010]; *Matter of Jarblum*, 51 AD3d 68 [1st Dept 2008]).

Accordingly, we grant the Committee's petition to the extent of publicly censuring respondent pursuant to 22 NYCRR 603.3, in accordance with the discipline imposed by the United States Court of Appeals for the Fourth Circuit.

GONZALEZ, P.J., SWEENY, RENWICK, DEGRASSE and MANZANET-DANIELS, JJ., concur.

Respondent publicly censured.